CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

11 CV 1149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JULIO CESAR HERNANDEZ, on behalf of himself and
others similarly situated,

                        Plaintiff,

    -against-

MOHAN PALACE, INC. d/b/a MINAR INDIAN
RESTAURANT, INDER SINGH, and NITO SINGH,

                        Defendants.

------------------------------------------------------------------X

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, JULIO CESAR HERNANDEZ (hereinafter, "Plaintiff") on behalf of

himself and other similarly situated employees, by and through his undersigned attorneys,

Cilenti & Cooper, PLLC, files this Complaint against Defendants, MOHAN PALACE,

INC. d/b/a MINAR INDIAN RESTAURANT ("MOHAN PALACE"), INDER SINGH,

and NITO SINGH (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff, JULIO CESAR HERNANDEZ, alleges that, pursuant to the Fair

Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to

recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime

compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each he worked ten (10) or more hours a day; (4) liquidated damages equal to twenty-five (25) percent of the sum of his unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff, JULIO CESAR HERNANDEZ, is a resident of Bronx County, New York.

6.     Defendant, MOHAN PALACE, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 138 West 46th Street, New York, New York 10036.

7.      Upon information and belief, at all times relevant hereto, Defendants also operated a restaurant by the identical name, Minar Indian Restaurant, at 5 West 31st Street, New York, New York 10001.

8.      Upon information and belief, the Minar Indian Restaurant located at 5 West 31st Street, is or was operated under the corporate name Taj Palace Inc.

9.      Upon information and belief, the corporate entity known as Taj Palace Inc., is no longer an active corporation, having been dissolved by proclamation on or about January 26, 2011.

10.     Upon information and belief, despite the dissolution of Taj Palace Inc., the Minar Indian Restaurant located at 5 West 31st Street remains a viable place of business open to the general public (hereinafter referred to herein as "MINAR – 31ST STREET").

11.     Defendants, INDER SINGH and NITO SINGH, are owners, officers, directors, and/or managing agents of MOHAN PALACE and MINAR – 31ST STREET, whose addresses are unknown at this time and who participated in the day-to-day operations of MOHAN PALACE and MINAR – 31ST STREET, and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with MOHAN PALACE and MINAR – 31ST STREET.

12.     Plaintiff, JULIO CESAR HERNANDEZ, was continuously employed by Defendants in New York County to work as a non-exempt delivery person, cook and cleaner for Defendants' Indian Restaurants from in or about August 2004 until on or about February 1, 2011.

13.     At all relevant times, MOHAN PALACE and MINAR – 31ST STREET was, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by MOHAN PALACE and MINAR – 31ST STREET.

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

16.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19.     In or about August 2004, Plaintiff, JULIO CESAR HERNANDEZ, was hired by Defendants to work as a non-exempt delivery person, cook, and cleaner for Defendants' Indian Restaurants.

20.     During the course of Plaintiff's employment by Defendants, he was directed to work at the Minar Indian Restaurant located at 138 W. 46th Street and, at

times, was also instructed to work at the Minar Indian Restaurant located at 5 W. 31st Street.

21.     Plaintiff worked continuously for the Defendants in such capacities until on or about February 1, 2011.

22.     Upon information and belief, MOHAN PALACE and MINAR – 31ST STREET, are associated as a single enterprise, utilizing the Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by the Defendant, INDER SINGH and NITO SINGH, who are themselves related.

23.     Upon information and belief, MOHAN PALACE and MINAR – 31ST STREET, each engage in related activities, namely, the providing of restaurant services to the general public. MOHAN PALACE and MINAR – 31ST STREET, shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over the employees, and are themselves under common control.

24.     Upon information and belief, MOHAN PALACE and MINAR – 31ST STREET, are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

25.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled

by one person or group of persons, corporations, or other organizational units acting together.

26.     Upon information and belief, MOHAN PALACE and MINAR – 31ST STREET, share a common commercial business purpose, namely, providing restaurant services to the general public.

27.     Upon information and belief, the finances of MOHAN PALACE and MINAR – 31ST STREET, were and continue to be commingled.

28.     Upon information and belief, an arrangement existed between MOHAN PALACE and MINAR – 31ST STREET, whereby each entity agreed to share the services of Plaintiff and other similarly situated employees.

29.     Upon information and belief, MOHAN PALACE and MINAR 31ST STREET, shared control of Plaintiff and the performance of Plaintiff's job responsibilities.

30.     Upon information and belief, Defendants, INDER SINGH and NITO SINGH, are individuals who own the stock of MOHAN PALACE and MINAR 31ST STREET, own MOHAN PALACE and MINAR 31ST STREET, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

31.     During the course of Plaintiff's employment by Defendants, he typically worked over forty (40) hours per week.

32.     Plaintiff typically worked six (6) days a week, and his work shift consisted of ten and one-half (10½) hours per day, from 10:00 a.m. until 8:30 p.m.

33.     Plaintiff was not paid proper minimum wages or overtime compensation. Throughout the course of Plaintiff's employment by Defendants, Plaintiff was paid, in cash, $280 per week, and worked approximately sixty-three (63) hours per week.  Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay, nor at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

34.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

37.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

38.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

42.    Plaintiff, JULIO CESAR HERNANDEZ, worked hours for which he was not paid the statutory minimum wage.

43.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

44.    Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

45.    Plaintiff, JULIO CESAR HERNANDEZ, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

46.     If Plaintiff, JULIO CESAR HERNANDEZ, was paid above the statutory minimum at any time during the course of his employment, he was entitled to be paid at the rate of time and one-half his regular rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

47.     Defendants have failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

48.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the rate of time and one-half Plaintiff's regular rate of pay to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

51.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52.     Alternatively, records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.  Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

54.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.    At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

60.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

61.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations § 142.2-4.

63.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

64.    Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff, JULIO CESAR HERNANDEZ, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)  An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)  An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)  An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)  An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)  An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f)  An award equitably tolling the statute of limitations period;

(g)  An award of prejudgment and post-judgment interest;

(h)  An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i)  Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       February 18, 2011

                            Respectfully submitted,

                            CILENTI & COOPER, PLLC
                            *Attorneys for Plaintiff*
                            708 Third Avenue – 6th Floor
                            New York, NY 10017
                            T. (212) 209-3933
                            F. (212) 209-7102
                            jcilenti@jcpclaw.com

By: _____
                Justin Cilenti (GC2321)