STEPHEN D. HANS & ASSOCIATES, P.C.
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.275.6704
Email: info@hansassociates.com
*Attorneys for the Defendants*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JULIO CESAR HERNANDEZ,
on behalf of himself and others similarly situated,

                                                                                 11 Civ. 1149 (WHP)

                           Plaintiff,

       -against-

                                                                **ANSWER**

MOHAN PALACE, INC. d/b/a Minar Indian
Restaurant, INDER SINGH and NITO SINGH,

                           Defendants.
----------------------------------------------------------------X

       The defendants, MOHAN PALACE, INC. and INDER SINGH (named twice in this action as "Inder Singh" and "Nito Singh") (hereinafter referred to, collectively, as the "Defendants"), by and through their attorneys, STEPHEN D. HANS AND ASSOCIATES, P.C., as and for their Answer to the complaint dated and filed on February 18, 2011 (hereinafter the "Complaint") by the plaintiff JULIO CESAR HERNANDEZ (hereinafter referred to as the "Plaintiff"), allege as follows:

**AS AND FOR AN ANSWER TO
PLAINTIFF'S INTRODUCTION**

1.     With respect to the allegations contained in Paragraph 1 of the Complaint, the Defendants admit that the Plaintiff purports to bring this action pursuant to the cited statute(s) and purports to seek the requested relief.

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, the Defendants admit that the Plaintiff purports to bring this action pursuant to the cited statute(s) and purports to seek the requested relief.

### AS AND FOR AN ANSWER TO PLAINTIFF'S STATEMENTS REGARDING "JURISDICTION AND VENUE"

3.      With respect to the allegations contained in Paragraph 3 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

4.      With respect to the allegations contained in Paragraph 4 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

### AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENTS REGARDING "THE PARTIES"

5.      With respect to the allegations contained in Paragraph 5 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

6.      With respect to the allegations contained in Paragraph 6 of the Complaint, the Defendants admit the allegations contained in such Paragraph.

7.      With respect to the allegations contained in Paragraph 7 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that a restaurant doing business as "Minar Indian Restaurant" is located at the address listed.

8.      With respect to the allegations contained in Paragraph 8 of the Complaint, the Defendants admit that the restaurant doing business as "Minar Indian Restaurant" at the listed address is operated by the corporation Taj Palace, Inc.

9. With respect to the allegations contained in Paragraph 9 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, the Defendants admit that Taj Palace, Inc. currently operates the restaurant doing business as "Minar Indian Restaurant" at the listed address, and such restaurant is currently open to the general public.

11. With respect to the allegations contained in Paragraph 11 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff was employed by Mohan Palace, Inc. for a certain period of time to work solely at the "Minar Indian Restaurant" located at 138 West 46th Street, New York, NY 10036.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  However, to the extent a response may be deemed required, the Defendants deny all of the allegations contained in such Paragraph.

14. With respect to the allegations contained in Paragraph 14 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph, and in doing so the Defendants specifically note that the phrase "directly essential" is vague, ambiguous and undefined.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

17.     With respect to the allegations contained in Paragraph 17 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

<div align="center"><b><u>AS AND FOR AN ANSWER TO PLAINTIFF'S<br>"STATEMENT OF FACTS"</u></b></div>

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff was employed by Mohan Palace, Inc. for a certain period of time to work solely at the "Minar Indian Restaurant" located at 138 West 46th Street, New York, NY 10036.

20.     With respect to the allegations contained in Paragraph 20 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff was directed to work at the "Minar Indian Restaurant" located at 138 West 46th Street, New York, NY 10036 while he was employed by Mohan Palace, Inc.

21.     With respect to the allegations contained in Paragraph 21 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff was employed by Mohan Palace, Inc. for a certain period of time, ending on or about February 1, 2011.

22.     With respect to the allegations contained in Paragraph 22 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

23.     With respect to the allegations contained in Paragraph 23 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that both restaurants provide their services to the general public.

<a>
<b>
</b>
</a>

<a>
</a>

<a>
<b>
</b>
</a>

24.     With respect to the allegations contained in Paragraph 24 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

25.     With respect to the allegations contained in Paragraph 25 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

26.     With respect to the allegations contained in Paragraph 26 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

27.     With respect to the allegations contained in Paragraph 27 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

29.     With respect to the allegations contained in Paragraph 29 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

30.     With respect to the allegations contained in Paragraph 30 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

31.     With respect to the allegations contained in Paragraph 31 of the Complaint, the Defendants admit the allegations contained in such Paragraph.

32.     With respect to the allegations contained in Paragraph 32 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff usually worked six (6) days per week.

33.     With respect to the allegations contained in Paragraph 33 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff was usually paid $280.00 per week in cash, with the exception of some weeks when he was paid more.

34. With respect to the allegations contained in Paragraph 34 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

35. With respect to the allegations contained in Paragraph 35 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

36. With respect to the allegations contained in Paragraph 36 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

37. With respect to the allegations contained in Paragraph 37 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph, and in doing so the Defendants specifically note that the phrase "accurate and sufficient" is vague, ambiguous and undefined.

### AS AND FOR AN ANSWER TO PLAINTIFF'S "COUNT I"

38. The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 37 above as if fully set forth herein.

39. With respect to the allegations contained in Paragraph 39 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  However, to the extent a response may be deemed required, the Defendants deny all of the allegations contained in such Paragraph.

40. With respect to the allegations contained in Paragraph 40 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff was employed by Mohan Palace, Inc. for a certain period of time.

41. With respect to the allegations contained in Paragraph 41 of the Complaint, the Defendants admit the allegations contained in such Paragraph.

42. With respect to the allegations contained in Paragraph 42 of the Complaint, the Defendants admit the allegations contained in such Paragraph, but state that the number of hours that the

Plaintiff claims he worked and for which he was not paid at least the applicable statutory minimum wage is incorrect.

43. With respect to the allegations contained in Paragraph 43 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

44. With respect to the allegations contained in Paragraph 44 of the Complaint, the Defendants admit the allegations contained in such Paragraph, but state that the number of hours that the Plaintiff claims he worked and for which he was not paid at least the applicable statutory minimum wage is incorrect.

45. With respect to the allegations contained in Paragraph 45 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

46. With respect to the allegations contained in Paragraph 46 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

47. With respect to the allegations contained in Paragraph 47 of the Complaint, the Defendants admit the allegations contained in such Paragraph, but state that the number of overtime hours that the Plaintiff claims he worked and for which he was not paid the proper overtime premium is incorrect.

48. With respect to the allegations contained in Paragraph 48 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

49. With respect to the allegations contained in Paragraph 49 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

50. With respect to the allegations contained in Paragraph 50 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

51. With respect to the allegations contained in Paragraph 51 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

52. With respect to the allegations contained in Paragraph 52 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

53. With respect to the allegations contained in Paragraph 53 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

54. With respect to the allegations contained in Paragraph 54 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

55. With respect to the allegations contained in Paragraph 55 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

56. With respect to the allegations contained in Paragraph 56 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

### AS AND FOR AN ANSWER TO PLAINTIFF'S "COUNT II"

57. The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 56 above as if fully set forth herein.

58. With respect to the allegations contained in Paragraph 58 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  However, to the extent a response may be deemed required, the Defendants deny all of the allegations contained in such Paragraph.

59. With respect to the allegations contained in Paragraph 59 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

60. With respect to the allegations contained in Paragraph 60 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

61. With respect to the allegations contained in Paragraph 61 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

62. With respect to the allegations contained in Paragraph 62 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

63. With respect to the allegations contained in Paragraph 63 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

64. With respect to the allegations contained in Paragraph 64 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

## AFFIRMATIVE AND OTHER DEFENSES

The Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. The Defendants further assert that, to the extent that the Plaintiff's claims as alleged are vague or unclear, so as to render it difficult or impossible to identify and assert every possible affirmative or other defense, the Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

## AS AND FOR A FIRST DEFENSE TO THE COMPLAINT

The causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

**AS AND FOR A SECOND DEFENSE TO THE COMPLAINT**

The causes of action alleged in the Complaint may not be maintained as a collective action under the Fair Labor Standards Act because, upon information and belief, the Plaintiff is not similarly situated to some or all of the persons whom Plaintiff may purport to represent.

**AS AND FOR A THIRD DEFENSE TO THE COMPLAINT**

The statements and allegations contained in the Complaint fail to meet the requirements necessary to justify collective action certification or the issuance of collective action notice pursuant to 29 U.S.C. § 216 with respect to some or all of the persons whom the Plaintiff may purport to represent.

**AS AND FOR A FOURTH DEFENSE TO THE COMPLAINT**

The Defendants state, in the alternative if necessary, that their actions or omissions with respect to the Plaintiff and/or putative collective action plaintiffs were taken in good faith with reasonable grounds to believe that such conduct comported with the requirements of the Fair Labor Standards Act, or interpretations thereof, pursuant to 29 U.S.C. § 260, and/or applicable state law.

**AS AND FOR A FIFTH DEFENSE TO THE COMPLAINT**

The Defendants state, in the alternative if necessary, that if in fact they are found to have failed to pay the appropriate compensation, that any such violations are *de minimis*.

**AS AND FOR A SIXTH DEFENSE TO THE COMPLAINT**

This Court does not have and/or should decline to exercise supplemental jurisdiction over some or all of the state law claims asserted by the Plaintiff and/or putative class members.

**AS AND FOR A SEVENTH DEFENSE TO THE COMPLAINT**

The Plaintiff's and/or putative collective action plaintiffs' claims are barred because some or all of the Defendants were not the Plaintiff's and/or putative collective action plaintiffs' "employer" as such term may be defined under applicable federal or state laws and regulations.

**AS AND FOR AN EIGHTH DEFENSE TO THE COMPLAINT**

The Defendants state, in the alternative if necessary, that if they are found to have violated any law or regulation, that any such violation was not willful.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

The Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. As such, the Defendants expressly reserve the right to assert additional defenses in the event that discovery indicates that any such additional defenses would be appropriate.

WHEREFORE, the Defendants respectfully request that judgment be entered by this Court as follows:

a.  Dismissing any claims in the Complaint that are deemed by the Court to be lacking in merit, with prejudice;

b.  Granting such further relief as this Court deems just and proper.

Dated: Long Island City, New York
May 19, 2011

STEPHEN D. HANS & ASSOCIATES, P.C.

By: ____/s/_____
Stephen D. Hans (SH-0798)
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: 718.275.6700 x 204
Fax: 718.275.6704
Email: shans@hansassociates.com
*Attorneys for the Defendants*

To: CILENTI & COOPER, PLLC
708 Third Avenue, 6th Floor
New York, NY 10017
Tel: 212.209.3933
*Attorneys for the Plaintiff*